**Bruce L. Campbell, P.C.**, OSB No. 925377
bruce.campbell@millernash.com
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: 503.224.5858
Facsimile: 503.224.0155

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

Portland Division

| | |
|---|---|
| **SAWSTOP, LLC**, an Oregon limited liability company, and **SD3, LLC**, an Oregon limited liability company,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>**ROBERT BOSCH TOOL CORPORATION**, a Delaware corporation, and **ROBERT BOSCH GMBH**, a German company,<br><br>　　　　　Defendants. | CV No. 3:15-cv-1320<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs SawStop, LLC ("SawStop") and SD3, LLC ("SD3") (collectively, "Plaintiffs"), bring this Complaint for patent infringement against Defendants Robert Bosch Tool Corporation

Page 1 -   Complaint for Patent Infringement

70038593.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

("Bosch Tool") and Robert Bosch GmbH ("Bosch GmbH") (collectively, "Defendants"), and allege as follows:

## PARTIES

1.  Plaintiff SawStop is a limited liability company organized and existing under the laws of Oregon. SawStop has a principal place of business at 9564 SW Tualatin Road, Tualatin, Oregon.

2.  Plaintiff SD3 is a limited liability company organized and existing under the laws of Oregon. SD3 has a principal place of business at 9564 SW Tualatin Road, Tualatin, Oregon.

3.  On information and belief, Defendant Bosch Tool is a Delaware corporation with a principal place of business at 1800 West Central Road, Mount Prospect, Illinois, 60056.

4.  On information and belief, Defendant Bosch GmbH is a company organized under the laws of Germany with a principal place of business at Robert-Bosch-Platz 1, 70839 Gerlingen-Schillerhöhe, Baden-Wuerttemberg, Germany.

## JURISDICTION AND VENUE

5.  This is an action for patent infringement under 35 U.S.C. §§ 271 and 281. The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.  The Court has personal jurisdiction over the Defendants under ORCP 4 A(4), 4 C and 4 D(1) and (2), among other provisions. On information and belief, Defendants have engaged in substantial, continuous, and systematic business within this District. On information and belief, Defendants regularly and deliberately engage in activities that result in using, selling, offering for sale, or importing alleged infringing products in or into this District. On information and belief, Defendants and their retailers maintain Internet websites available to consumers nationwide, including within this District, on which alleged infringing products are advertised and offered for sale in and shipping to this District. On information and

Page 2 -    Complaint for Patent Infringement

70038593.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

belief, Defendants maintain sales and distribution operations in this District and have marketed and offered for sale alleged infringing products through these operations.

7. Venue is proper in this District under 28 U.S.C. §§ 1391 (b) & (c) and 1400(b).

## BACKGROUND

8. In August 2000, Dr. Stephen F. Gass and his colleagues formed SawStop to develop and commercialize safety systems for woodworking machines such as table saws.

9. The safety systems that Dr. Gass and his colleagues developed are able to detect contact between a saw blade and an operator of the saw, and react to mitigate injury to the operator from the saw blade.

10. In August 2000, Dr. Gass and his colleagues formed SD3 to own intellectual property associated with the safety systems they had developed.

11. Since late 2004, SawStop has sold woodworking machines equipped with these safety systems.

12. On information and belief, in March 2015, Defendants announced the impending release of the Bosch GTS1041A REAXX, a bench top table saw equipped with a system that detects contact between a saw blade and an operator of the saw and retracts the saw blade in response to detected contact.

13. On information and belief, Defendants have shown and demonstrated the Bosch GTS1041A REAXX at trade shows in the United States.

14. On information and belief, Defendants have offered for sale the Bosch GTS1041A REAXX throughout the United States, including in this District.

15. On information and belief, Defendants have marketed the Bosch GTS1041A REAXX throughout the United States, including in this District.

Page 3 -    Complaint for Patent Infringement

70038593.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 7,225,712**

16. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

17. On June 5, 2007, the United States Patent & Trademark Office duly issued U.S. Patent No. 7,225,712 (the '712 Patent), titled "Motion Detecting System for Use in A Safety System for Power Equipment." A true and correct copy of the '712 Patent is attached as Exhibit A.

18. Plaintiff SD3 is the owner of all rights, title, and interest in the '712 Patent.

19. Plaintiff SawStop is the sole licensee of the '712 Patent.

20. Plaintiff SawStop marks, and has continuously marked, its products with the '712 Patent pursuant to 35 U.S.C. § 287.

21. Defendants have cited the '712 Patent during prosecution of their own United States Patent or Patents.

22. On information and belief, Defendants have been on notice of the '712 Patent, including by way of Plaintiff SawStop's marking of its products and Defendants' citation of the '712 Patent during prosecution of their own United States Patent or Patents.

23. In violation of 35 U.S.C. § 271, Defendants have infringed, and are continuing to infringe literally and/or under the doctrine of equivalents, the '712 Patent by practicing one or more claims of the '712 Patent in the manufacture, use, offer for sale, sale, or importation of products including, but not limited to, the Bosch GTS1041A REAXX saw.

24. As a result of Defendants' infringement of the '712 Patent, Plaintiffs have suffered and will continue to suffer damages and irreparable harm.

25. Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of Defendants' infringement of the '712 Patent in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

26. Having been on notice of the '712 Patent, Defendants' infringement of the '712 Patent was and continues to be willful, and therefore warrants an increase of damages pursuant to 35 U.S.C. § 284 and an award of attorney fees pursuant to 35 U.S.C. § 285.

27. Unless Defendants are enjoined from continuing their infringement of the '712 Patent, Plaintiffs will suffer additional irreparable harm, and are therefore entitled to a permanent injunction against further infringement.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 7,600,455

28. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

29. On October 13, 2009, the United States Patent & Trademark Office duly issued U.S. Patent No. 7,600,455 (the '455 Patent), titled "Logic Control for Fast-Acting Safety System." A true and correct copy of the '455 Patent is attached as Exhibit B.

30. Plaintiff SD3 is the owner of all rights, title, and interest in the '455 Patent.

31. Plaintiff SawStop is the sole licensee of the '455 Patent.

32. Plaintiff SawStop marks, and has continuously marked, its products with the '455 Patent pursuant to 35 U.S.C. § 287.

33. Defendants have cited the '455 Patent during prosecution of their own United States Patent or Patents.

34. On information and belief, Defendants have been on notice of the '455 Patent, including by way of Plaintiff SawStop's marking of its products and Defendants' citation of the '455 Patent during prosecution of their own United States Patent or Patents.

35. In violation of 35 U.S.C. § 271, Defendants have infringed, and are continuing to infringe literally and/or under the doctrine of equivalents, the '455 Patent by practicing one or more claims of the '455 Patent in the manufacture, use, offer for sale, sale, or importation of products including, but not limited to, the Bosch GTS1041A REAXX saw.

Page 5 -    Complaint for Patent Infringement

70038593.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

36. As a result of Defendants' infringement of the '455 Patent, Plaintiffs have suffered and will continue to suffer damages and irreparable harm.

37. Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of Defendants' infringement of the '455 Patent in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

38. Having been on notice of the '455 Patent, Defendants' infringement of the '455 Patent was and continues to be willful, and therefore warrants an increase of damages pursuant to 35 U.S.C. § 284 and an award of attorney fees pursuant to 35 U.S.C. § 285.

39. Unless Defendants are enjoined from continuing their infringement of the '455 Patent, Plaintiffs will suffer additional irreparable harm, and are therefore entitled to a permanent injunction against further infringement.

**COUNT III:  INFRINGEMENT OF U.S. PATENT NO. 7,610,836**

40. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

41. On November 3, 2009, the United States Patent & Trademark Office duly issued U.S. Patent No. 7,610,836 (the '836 Patent), titled "Replaceable Brake Mechanism for Power Equipment."  A true and correct copy of the '836 Patent is attached as Exhibit C.

42. Plaintiff SD3 is the owner of all rights, title, and interest in the '836 Patent.

43. Plaintiff SawStop is the sole licensee of the '836 Patent.

44. Plaintiff SawStop marks, and has continuously marked, its products with the '836 Patent pursuant to 35 U.S.C. § 287.

45. On information and belief, Defendants have been on notice of the '836 Patent, including by way of Plaintiff SawStop's marking of its products.

46. In violation of 35 U.S.C. § 271, Defendants have infringed, and are continuing to infringe literally and/or under the doctrine of equivalents, the '836 Patent by

Page 6 -    Complaint for Patent Infringement

70038593.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

practicing one or more claims of the '836 Patent in the manufacture, use, offer for sale, sale, or importation of products including, but not limited to, the Bosch GTS1041A REAXX saw.

47. As a result of Defendants' infringement of the '836 Patent, Plaintiffs have suffered and will continue to suffer damages and irreparable harm.

48. Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of Defendants' infringement of the '836 Patent in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

49. Having been on notice of the '836 Patent, Defendants' infringement of the '836 Patent was and continues to be willful, and therefore warrants an increase of damages pursuant to 35 U.S.C. § 284 and an award of attorney fees pursuant to 35 U.S.C. § 285.

50. Unless Defendants are enjoined from continuing their infringement of the '836 Patent, Plaintiffs will suffer additional irreparable harm, and are therefore entitled to a permanent injunction against further infringement.

### COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 7,895,927

51. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

52. On March 1, 2011, the United States Patent & Trademark Office duly issued U.S. Patent No. 7,895,927 (the '927 Patent), titled "Power Equipment with Detection and Reaction Systems." A true and correct copy of the '927 Patent is attached as Exhibit D.

53. Plaintiff SD3 is the owner of all rights, title, and interest in the '927 Patent.

54. Plaintiff SawStop is the sole licensee of the '927 Patent.

55. Plaintiff SawStop marks, and has continuously marked, its products with the '927 Patent pursuant to 35 U.S.C. § 287.

56. Defendants have cited the '927 Patent during prosecution of their own United States Patent or Patents.

Page 7 -    Complaint for Patent Infringement

70038593.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON 97204

57. On information and belief, Defendants have been on notice of the '927 Patent, including by way of Plaintiff SawStop's marking of its products and Defendants' citation of the '927 Patent during prosecution of their own United States Patent or Patents.

58. In violation of 35 U.S.C. § 271, Defendants have infringed, and are continuing to infringe literally and/or under the doctrine of equivalents, the '927 Patent by practicing one or more claims of the '927 Patent in the manufacture, use, offer for sale, sale, or importation of products including, but not limited to, the Bosch GTS1041A REAXX saw.

59. Defendants have actively induced, and are continuing to actively induce infringement of the '927 Patent, by causing others to act in a manner that directly infringes one or more claims of the '927 Patent, knowing that these acts would lead to infringement.

60. As a result of Defendants' infringement of the '927 Patent, Plaintiffs have suffered and will continue to suffer damages and irreparable harm.

61. Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of Defendants' infringement of the '927 Patent in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

62. Having been on notice of the '927 Patent, Defendants' infringement of the '927 Patent was and continues to be willful, and therefore warrants an increase of damages pursuant to 35 U.S.C. § 284 and an award of attorney fees pursuant to 35 U.S.C. § 285.

63. Unless Defendants are enjoined from continuing their infringement of the '927 Patent, Plaintiffs will suffer additional irreparable harm, and are therefore entitled to a permanent injunction against further infringement.

**COUNT V:  INFRINGEMENT OF U.S. PATENT NO. 8,011,279**

64. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

Page 8 -    Complaint for Patent Infringement

70038593.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

65. On September 6, 2011, the United States Patent & Trademark Office duly issued U.S. Patent No. 8,011,279 (the '279 Patent), titled "Power Equipment with Systems to Mitigate or Prevent Injury."  A true and correct copy of the '279 Patent is attached as Exhibit E.

66. Plaintiff SD3 is the owner of all rights, title, and interest in the '279 Patent.

67. Plaintiff SawStop is the sole licensee of the '279 Patent.

68. Plaintiff SawStop marks, and has continuously marked, its products with the '279 Patent pursuant to 35 U.S.C. § 287.

69. On information and belief, Defendants have been on notice of the '279 Patent, including by way of Plaintiff SawStop's marking of its products.

70. In violation of 35 U.S.C. § 271, Defendants have infringed, and are continuing to infringe literally and/or under the doctrine of equivalents, the '279 Patent by practicing one or more claims of the '279 Patent in the manufacture, use, offer for sale, sale, or importation of products including, but not limited to, the Bosch GTS1041A REAXX saw.

71. As a result of Defendants' infringement of the '279 Patent, Plaintiffs have suffered and will continue to suffer damages and irreparable harm.

72. Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of Defendants' infringement of the '279 Patent in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

73. Having been on notice of the '279 Patent, Defendants' infringement of the '279 Patent was and continues to be willful, and therefore warrants an increase of damages pursuant to 35 U.S.C. § 284 and an award of attorney fees pursuant to 35 U.S.C. § 285.

74. Unless Defendants are enjoined from continuing their infringement of the '279 Patent, Plaintiffs will suffer additional irreparable harm, and are therefore entitled to a permanent injunction against further infringement.

Page 9 -    Complaint for Patent Infringement

70038593.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## COUNT VI:  INFRINGEMENT OF U.S. PATENT NO. 8,191,450

75. Plaintiffs repeat and re-allege each and every allegation of the foregoing paragraphs as though fully set forth herein.

76. On June 5, 2012, the United States Patent & Trademark Office duly issued U.S. Patent No. 8,191,450 (the '450 Patent), titled "Power Equipment with Detection and Reaction Systems."  A true and correct copy of the '450 Patent is attached as Exhibit F.

77. Plaintiff SD3 is the owner of all rights, title, and interest in the '450 Patent.

78. Plaintiff SawStop is the sole licensee of the '450 Patent.

79. Plaintiff SawStop marks, and has continuously marked, its products with the '450 Patent pursuant to 35 U.S.C. § 287.

80. Defendants have cited the '450 Patent during prosecution of their own United States Patent or Patents.

81. On information and belief, Defendants have been on notice of the '450 Patent, including by way of Plaintiff SawStop's marking of its products and Defendants' citation of the '450 Patent during prosecution of their own United States Patent or Patents.

82. In violation of 35 U.S.C. § 271, Defendants have infringed, and are continuing to infringe literally and/or under the doctrine of equivalents, the '450 Patent by practicing one or more claims of the '450 Patent in the manufacture, use, offer for sale, sale, or importation of products including, but not limited to, the Bosch GTS1041A REAXX saw.

83. As a result of Defendants' infringement of the '450 Patent, Plaintiffs have suffered and will continue to suffer damages and irreparable harm.

84. Plaintiffs are entitled to recover from Defendants the damages they have sustained as a result of Defendants' infringement of the '450 Patent in an amount subject to proof at trial, but in no event less than a reasonable royalty, together with interest and costs as fixed by the Court.

70038593.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

85. Having been on notice of the '450 Patent, Defendants' infringement of the '450 Patent was and continues to be willful, and therefore warrants an increase of damages pursuant to 35 U.S.C. § 284 and an award of attorney fees pursuant to 35 U.S.C. § 285.

86. Unless Defendants are enjoined by this Court from continuing their infringement of the '450 Patent, Plaintiffs will suffer additional irreparable harm, and are therefore entitled to a permanent injunction against further infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment as follows:

A. An entry of judgment that Defendants infringe the '712, '455, '836, '927, '279, and '450 Patents under 35 U.S.C. § 271;

B. An entry of judgment that Defendants willfully infringe the '712, '455, '836, '927, '279, and '450 Patents;

C. An award of damages adequate to compensate Plaintiffs for Defendants' infringement, in an amount no less than a reasonable royalty, together with interest and costs as fixed by the Court pursuant to 35 U.S.C. § 284.

D. Enhancement of the award of damages pursuant to 35 U.S.C. § 284, based on Defendants' willful infringement;

E. An award of attorney fees pursuant to 35 U.S.C § 285;

F. A permanent injunction against further infringement of the '712, '455, '836, '927, '279, and '450 Patents by Defendants and all persons in active concert or participation with Defendants pursuant to 35 U.S.C. § 283; and

G. Such other and further relief as the Court or a jury may deem just and proper.

Page 11 -   Complaint for Patent Infringement

70038593.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs respectfully request a trial by jury of all issues so triable.

DATED this 16th day of July, 2015.

MILLER NASH GRAHAM & DUNN LLP


s/ *Bruce L. Campbell*
Bruce L. Campbell, P.C.
OSB No. 925377
bruce.campbell@millernash.com
Phone: 503.224.5858
Fax: 503.224.0155

Attorneys for Plaintiff

Page 12 -   Complaint for Patent Infringement

70038593.1

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
TELEPHONE: 503.224.5858
3400 U.S. BANCORP TOWER
111 S.W. FIFTH AVENUE
PORTLAND, OREGON  97204